**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christina C Flatt, et al., | No. CV-18-00914-PHX-DLR |
| Appellants, | **ORDER** |
| v. | |
| Brian J Mullen, | |
| Appellee. | |

Appellants Christina and Robert Flatt appeal the bankruptcy court's turnover order and, in doing so, have moved to certify questions to the Arizona Supreme Court regarding Arizona's homestead statute, A.R.S. § 33-1101(C) (Doc. 6). For the reasons stated below, Appellants' motion to certify is denied and the bankruptcy court's order is affirmed.[1]

**I. Background**

Appellants filed their Chapter 7 bankruptcy petition on April 18, 2017. As of the petition date, the bankruptcy estate owned real property located in Glendale, Arizona.

---

[1] Appellants also ask the Court to take judicial notice of the date that *In re Foreacre*, 358 B.R. 384 (Bank. D. Ariz. 2006) was taken under submission. (Doc. 17.) To the extent that Appellants simply seek to highlight the submission date, their request is moot; the submission date appears in the case caption on Westlaw and the Court can consider that date without a request for judicial notice. To the extent, however, that Appellants ask the Court to judicially notice the "fact" that the *In re Foreacre* court lacked jurisdiction based on the case's submission date, the request is denied because it does not seek notice of fact, let alone one that is properly subject to judicial notice. Instead, Appellants raise a legal argument concerning the persuasive value, if any, of *In re Foreacre*.

Appellee Brian J. Mullen was appointed acting trustee of the bankruptcy estate.

On June 6, 2017, the bankruptcy court approved the sale of the real property, which generated proceeds of $59,093.18. On June 9, 2017, relying on Arizona's homestead exemption, the proceeds were deposited into Appellants' checking account, which also contained other funds not originated from the sale. During the next several months, Appellants spent the proceeds on various expenditures, including groceries, dining, entertainment, clothing, insurance premiums, utility bills, apartment furnishings, auto loan payments, health care expenses, and veterinarian bills.

On November 21, 2017, Appellee filed a motion requesting Appellants turn over all of the identified cash proceeds from the sale of the property, contending that Appellants were not entitled to a homestead exemption under Arizona law. Appellants timely opposed the motion, requested certification of pertinent questions to the Arizona Supreme Court, and sought a stay until the Arizona Supreme Court accepted certification and made a final ruling, or declined to do so. Appellee filed a reply memorandum, supporting turnover and opposing the motion for certification and stay.

On February 27, 2018, after a hearing, the bankruptcy court granted Appellee's motion for turnover of cash proceeds from the sale of the property. On March 6, 2018, a written order followed, clarifying that Appellants were not entitled to the homestead exemption because they commingled the sale proceeds and spent them on non-exempt expenditures. The written order also clarified that the bankruptcy court denied Appellants' request for certification and stay. On March 8, 2018, Appellants noticed an appeal.

**II. Motion to Certify**

The Arizona Supreme Court may answer questions of law certified to it by a United States District Court if: (1) there are questions of state law that might be determinative of the case pending in the certifying court and (2) it appears to the certifying court that there is no controlling state court precedent. A.R.S. § 12-1861; *see also Binford v. Rhode*, 116 F.3d 396, 399 (9th Cir. 1997). Certification is not mandatory,

however, simply because state law is unclear on a particular issue. *Lehman Bros. v. Schein*, 416 U.S. 386, 390-91 (1974). Whether to certify a question to the state's highest court is within the district court's discretion. *Id.* In determining whether certification is appropriate, courts look to "factors such as the complexity of the issue, the availability of precedent from lower courts or other jurisdictions, and the magnitude of disagreement on the issue . . . ." *Smith v. Allstate Ins. Co.*, 202 F. Supp. 2d 1061, 1064 (D. Ariz. 2002).

Appellants raise two issues related to Arizona's homestead exemption, which generally exempts proceeds from the sale of certain delineated properties from a bankruptcy estate: (1) whether the homestead exemption is lost by commingling homestead proceeds with non-exempt funds, and (2) whether the homestead exemption is lost with respect to proceeds spent for non-exempt purposes. Neither issue is complex. *Id.* (finding issue non-complex when the court was not required to "wade into any intricate or abstruse administrative or statutory scheme"). Although Arizona courts have not weighed in on these particular issues, courts in other states with similar statutes have addressed both issues and have resolved them in a similar manner, indicating a lack of serious debate. *See, e.g.*, *In re Kierig*, No. 99-21016, 2000 WL 33716966, at *3 (Bankr. D. Idaho Feb. 10, 2000); *In re Ziegler*, 239 B.R. 375, 379 (Bankr. C.D. Ill. 1999); *In re Zibman*, 268 F.3d 298, 305 (5th Cir. 2001) (Texas law); *In re Golden*, 789 F.2d 698, 700 (9th Cir. 1986) (California law). Moreover, bankruptcy courts applying the Arizona homestead statute have reached nearly uniform results. *See, e.g.*, *In re Smith*, 515 B.R. 755, 762 (Bankr. D. Ariz. 2014); *In re White*, 389 B.R. 693, 704 (9th Cir. B.A.P. 2008); *In re Hassett*, No. 14-BK-12106-BKM (Bankr. D. Ariz. Mar. 13, 2017) (order denying debtors' motion for abandonment). Given these circumstances, the Court concludes that certification is not necessary and denies Appellants' motion.

**III. Appeal of Bankruptcy Court's Turnover Order**

"On appeal, a district court may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. A district courts review a bankruptcy court's . . . conclusions of law de novo." *Medina v. Vander*

*Poel*, 523 B.R. 820, 823 (E.D. Cal. 2015) (internal quotation and citation omitted).

Appellants challenge the bankruptcy court's conclusion that Appellants waived their homestead exemption rights by commingling the proceeds with non-exempt funds and by spending proceeds on non-exempt expenditures. They do not challenge the bankruptcy court's factual findings that they commingled the proceeds with non-exempt funds and spent proceeds for non-exempt purposes. Instead, Appellants contend that the bankruptcy court erred as a matter of law when it concluded that § 33-1101(C) prohibits commingling and use of sales proceeds on non-exempt expenditures. The Court disagrees.

The filing of a bankruptcy petition creates an estate that consists of all of the debtor's legal and equitable interests in property, including potentially exempt property. 11 U.S.C. § 541; *Cusano v. Klein*, 264 F.3d 936, 945-46 (9th Cir. 2001). Section 522(b) of the Bankruptcy Code allows a debtor to exempt property from the bankruptcy estate. Because Arizona has "opted out" of the federal Bankruptcy Code's exemptions, Arizona law governs homestead exemptions. 11 U.S.C. § 522(b); A.R.S. § 33-1133(B).

The Arizona homestead exemption statute provides, in pertinent part, as follows:

> The homestead exemption, not exceeding [one hundred fifty thousand dollars in value], automatically attaches to the person's interest in identifiable cash proceeds from the voluntary or involuntary sale of the property. The homestead exemption in identifiable cash proceeds continues for eighteen months after the date of the sale of the property or until the person establishes a new homestead with the proceeds, whichever period is shorter. Only one homestead exemption at a time may be held by a person under this section.

A.R.S. § 33-1101(C). The fundamental purpose of the homestead exemption is to protect the debtors against the forced sale of their home. *In re Irwin*, 293 B.R. 28, 33-34 (Bankr. D. Ariz. 2003). The homestead exemption, however, was not created to confer "a favor or privilege on a debtor, but to shelter the family and thereby maintain the stability and welfare of the state." *In re White*, 377 B.R. 633, 643 (Bankr. D. Ariz. 2007).

"Once the homestead proceeds are placed in the same account with other funds,

such as wages, then those funds are no longer 'identifiable'" for purposes of § 33-1101(C). *In re Foreacre* 358 B.R. 384, 389-390 (Bankr. D. Ariz. 2006) (finding that proceeds must be kept in a separate account and not commingled); *In re Hassett*, No. 14-BK-12106-BKM. Moreover, once proceeds are used for non-exempt purposes, like purchasing a vehicle, the proceeds are no longer entitled to the homestead exemption. *See, e.g.*, *In re Smith*, 515 B.R. at 762 (finding proceeds used for purposes that do not qualify as expenditures made to establish a new homestead not entitled to homestead exemption); *In re White*, 389 B.R. at 704 (finding that debtor cannot use proceeds in a manner inconsistent with exempt purposes). Given that Appellants do not dispute that they commingled the proceeds and spent them on non-exempt expenditures, the bankruptcy court did not err in finding that Appellants were no longer entitled to the homestead exemption. The bankruptcy court properly ordered turnover of the proceeds because the bankruptcy estate has a "contingent, revisionary interest in the sale proceeds." *In re Smith*, 342 B.R. 801, 808 (B.A.P. 9th Cir. 2006).

**IT IS ORDERED** that Appellants' motion for certification (Doc. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that the bankruptcy court's turnover order is **AFFIRMED**. The Clerk of the Court shall enter judgment accordingly and terminate this case.

**IT IS FURTHER ORDERED** that Appellants' motion for judicial notice (Doc. 17) is **DENIED**.

Dated this 6th day of November, 2018.

Douglas L. Rayes
United States District Judge